

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Thomas" (2006). *2006 Decisions.* Paper 173.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4129

UNITED STATES OF AMERICA

v.

SHAWN THOMAS
a/k/a FLUKEY

Shawn Thomas,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 01-cr-00818-1
(Honorable Joel A. Pisano)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2006
Before: SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed: November 20, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Defendant Shawn Thomas appeals his criminal sentence. His attorney has filed a

motion to withdraw as counsel and has submitted a brief under *Anders v. California*, 386

U.S. 738 (1967). Thomas was provided timely notice of his attorney's motion to withdraw, but did not file a *pro se* brief. We will affirm.

I.

On December 17, 2002, in a superseding indictment, the United States Attorney charged Thomas with three drug-related offenses. At trial, a jury convicted Thomas of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base. The District Court sentenced Thomas to 360 months' imprisonment to be followed by five years of supervised release and a special assessment of $100.00. On appeal, we upheld Thomas's conviction, but vacated his sentence and remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). On remand, the District Court granted Thomas a two level downward departure based on a showing of remorse, which resulted in a guideline range of 292 to 365 months. The court then sentenced Thomas to 300 months' imprisonment.

II.

Third Circuit Local Appellate Rule 109.2(a) provides "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." When counsel submits an *Anders* brief, we must engage in a two-pronged analysis. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). First, we must consider "whether counsel adequately fulfilled the rule's requirements." *Id.* Second, we must consider "whether an independent review of the

record presents any nonfrivolous issues." *Id.* But when defense counsel files an adequate *Anders* brief, "we confine our scrutiny to those portions of the record identified by [the brief]." *Id.* at 301.

To adequately fulfill the requirements of Rule 109.2(a), the brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain[ed] why the issues are frivolous." *Id.* at 300 (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). At a minimum, counsel must engage in a conscientious examination of the case. *Id.* In a previous appeal, we examined and rejected challenges to Thomas's conviction. *See United States v. Thomas*, 127 Fed. Appx. 582, 585 (3d Cir. 2005) (unpublished). Accordingly, defense counsel properly limited its *Anders* brief to Thomas's resentencing. Furthermore, defense counsel's *Anders* brief included a detailed analysis of the "reasonableness" of the imposed sentence with the appropriate citations. In all, defense counsel filed an adequate *Anders* brief.

To prevail Thomas must establish that the District Court imposed an unreasonable sentence. *See United States v. Cooper*, 437 F.3d 324, 326 (2006) (noting appellate courts review sentences for reasonableness). But the District Court's sentence was within the guideline range after having made a discretionary downward departure.[1] The District

---

[1]At remand, the parties did not dispute the District Courts' calculation of the guideline range. The District Court found the guideline called for an initial offense level of 32 based on Thomas' conviction for participating in a drug conspiracy involving violence. The court then found Thomas qualified as a career criminal because of his two prior convictions of violence, raising his offense level to 37 with a criminal history category of

(continued...)

3

Court reduced Thomas's sentence by 60 months from the originally imposed sentence.

We see nothing in the record to undermine the reasonableness of Thomas's sentence.

III.

We will affirm the judgment of sentence. Defense counsel's motion to withdraw is granted.

---

[1](...continued)
six. The parties did dispute whether the court should exercise its discretion under *Booker* to shorten Thomas' initial sentence. The court granted Thomas a discretionary two level downward departure for showing remorse at the resentencing hearing.